UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA,            :         **REPORT AND**
                                                :         **RECOMMENDATION**
                        Plaintiff,                 :
                                                :         21-CV-2757 (EK)(PK)
                     -against-                   :
                                                :
DAVID SINYAVSKIY,                        :
                                                :
                        Defendant.          :
-------------------------------------------------------------------x

**Peggy Kuo, United States Magistrate Judge:**

On May 17, 2021, pursuant to 31 U.S.C. § 3711(g)(4)(C), the United States of America ("Plaintiff") commenced this action against David Sinyavskiy ("Defendant") to reduce to judgment and collect outstanding civil penalties assessed against him for his non-willful failure to timely report his financial interest in a foreign bank account as required by 31 U.S.C. § 5314 and its implementing regulations. Plaintiff also seeks accrued interest on assessed penalties, late-payment penalties, and associated fees. (*See* Compl. at 1, Dkt. 1.)

Before the undersigned on referral from the Honorable Eric R. Komitee is Plaintiff's Motion for Entry of Default Judgment. ("Motion," Dkt. 9.) For the reasons stated below, the undersigned respectfully recommends that the Motion be GRANTED.

## BACKGROUND

The following facts are taken from the Complaint and are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in its favor).

I.     **Factual Background**

Defendant has been a United States citizen since 1993.  (*See* Compl. ¶ 7.)  In December 2005, Defendant opened a foreign bank account at Rothschild Bank AG in Zurich, Switzerland, account No. 1.58X-XXX ("Rothschild Account").  (Compl. ¶ 8.)  During the 2006 through 2012 calendar years, Defendant had a financial interest in and signature authority over the Rothschild Account, and had a balance in this account that exceeded $10,000.  (Compl. ¶¶ 16, 17-18, 22-23, 27-28, 32-33, 37-38, 42-43, 47-48.)  For each of those years, a "Report of Foreign Bank and Financial Accounts," or "FBAR," disclosing Defendant's financial interest in and signature authority over the Rothschild Account was due by June 30 of the following year.[1]  (*See* Compl. ¶ 4. (citing 31 C.F.R. § 1010.306(c)).)  Defendant did not timely file an FBAR for any of the years at issue.  (Compl. ¶¶ 19, 24, 29, 34, 39, 44, 49.)  Defendant filed late FBARs for 2006-2012 on December 21, 2014.  (Compl. ¶¶ 20, 25, 30, 35, 40, 45, 50.)

Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for assessing an FBAR penalty is six years from the date of the violation.  (Compl. ¶ 54.)  On April 1, 2017, Defendant consented to an extension of time for the Secretary of the Treasury to assess penalties against him for his non-willful failure to timely file FBARs for 2006-2012.  (Compl. ¶ 55.)  For each of those years, the statute of limitations for assessment was extended to December 31, 2019.  (*Id.*)

On May 20, 2019, a delegate of the Secretary of the Treasury timely assessed penalties against Defendant.  (*See* Compl. ¶¶ 53-56.)  On May 23, 2019, the delegate sent Defendant a notice and demand for payment.  (Compl. ¶ 57.)  As of May 17, 2021, the date the Complaint was filed, Defendant had not paid the penalties assessed against him.  (*See* Compl. ¶ 58.)

---

[1] Starting with the 2013 calendar year, Form TD F 90-22.1 was replaced by FinCEN Form 114.  (Compl. at 4 n.2.)  Starting with the 2016 calendar year, the due date to file an FBAR became April 15 of the following calendar year.  (Compl. at 2 n.1.)

## II.      Procedural Background

Plaintiff filed the Complaint on May 17, 2021. (Dkt. 1.) Defendant executed and returned a Waiver of Service which Plaintiff sent him on June 9, 2021. (*See* Dkt. 6.) The deadline for Defendant to answer or otherwise respond to the Complaint was August 9, 2021. *See* Fed. R. Civ. P. 4(d)(3). No answer was filed. On August 24, 2021, the Court issued an Order directing Defendant to file an answer by September 21, 2021. (*See* Order dated Aug. 24, 2021.) No answer was filed by that date. Plaintiff requested a certificate of default (Dkt. 7), and the Clerk of Court entered default against Defendant on September 22, 2021 (Dkt. 8).

Plaintiff filed its Motion for Entry of Default Judgment on December 2, 2021. (Dkt. 9.) The Motion was referred to the undersigned for a Report and Recommendation on December 6, 2021. (Order dated Dec. 6, 2021.) Plaintiff filed a certificate of service of the Motion on December 28, 2021. (Dkt. 10.) At the Court's request, Plaintiff filed a letter and declaration explaining the mathematical formulas it used to calculate the interest and penalties allegedly owed by Defendant—and updating those amounts as of July 25, 2022. ("Pl. Letter," Dkt. 11; Declaration of Chad A. Presnell, "Presnell Decl.," Dkt. 11-1.)

## III.      Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the procedure that applies in cases where there is a default during the course of litigation. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). It provides "a 'two-step process' for the entry of judgment against a party who fails to defend …." *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Failure to answer may constitute a default, as may failure to defend at later stages of litigation.

*See* Fed. R. Civ. P. 55. Here, Defendant did not file an answer to the Complaint. "A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017) (collecting cases). A court must draw all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). A court must ensure that (1) jurisdictional requirements are satisfied, *see Mickalis*, 645 F.3d at 125-27, 133; (2) the plaintiff took all the required procedural steps in moving for default judgment, *see* Local Civil Rule 55.2; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, *see Finkel*, 577 F.3d at 84.

A court exercises significant discretion in deciding whether to grant a default judgment, including whether the grounds for default are clearly established, and the amount of damages. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *GuideOne Specialty Mut. Ins. Co.*, 696 F. Supp. 2d at 208. The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

**IV.    Jurisdictional Requirements**

A court from which default judgment is sought must assure itself that it has subject matter jurisdiction over the action. *See Mickalis*, 645 F.3d at 125-26 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Before entering a default judgment, a court may, but need not, inquire as to whether it has personal jurisdiction over a defaulting defendant. *See id.* at 133 (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 & n.7 (2d Cir. 2010)).

Subject matter jurisdiction is proper under 28 U.S.C. § 1331. The Court has federal question

jurisdiction over this action to collect delinquent debt owed to the United States pursuant to 31 U.S.C. § 3711(g)(4)(C). Subject matter jurisdiction is also proper under 28 U.S.C. § 1345 because this action was commenced by the United States. 28 U.S.C. § 1355 provides another ground for subject matter jurisdiction: this action pertains to the recovery of a fine incurred under an Act of Congress.

The Summons and Complaint must be properly served on a defaulting party. *See Advanced Capital Commercial Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). On June 9, 2021, Plaintiff requested and Defendant agreed to waive service. (Waiver of Service, Dkt. 6; *see also* Certificate of Default ¶ 1, Dkt. 8.) Accordingly, service was proper.

"Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 54 n.5 (2d Cir. 2021) (quoting Fed. R. Civ. P. 4(k)(1)(A)). New York has general jurisdiction over its residents. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 622 n.1 (2d Cir. 2016). Defendant's last known residence is located in Brooklyn, New York. (*See* Compl. ¶ 2.) Therefore, the Court has personal jurisdiction over Defendant.

### V.     Procedural Compliance with Local Civil Rules 7.1 and 55.2

As part of the Motion and in compliance with the Local Civil Rules, Plaintiff included a supporting declaration and exhibits (Declaration of Herbert W. Linder, dated Dec. 2, 2021 ("Linder Decl."), Dkt. 9-5), *see* Local Civil Rule 7.1(a)(3); the Clerk's Certificate of Default (Dkt. 9-1), *see* Local Civil Rule 55.2(b)(1); a copy of the Complaint (Dkt. 9-2), *see* Local Civil Rule 55.2(b)(2); a proposed form of default judgment (Dkt. 9-3), *see* Local Civil Rule 55.2(b)(3); and proof of mailing of the Motion to Defendant at what appears to be his last known residence (Dkt. 10), *see* Local Civil Rule 55.2(c). Plaintiff's "Motion for Entry of Default Judgment Against Defendant" (Dkt. 9) "specif[ies] the applicable rules or statutes pursuant to which the motion is brought" and "the relief sought by the

motion"; it also "set[s] forth the cases and other authorities relied upon in support of the motion." Thus, the requirements of a Notice of Motion and Memorandum of Law are satisfied. *See* Local Civil Rule 7.1(a)(1), (2).

The declaration dated Sept. 15, 2021, filed in support of Plaintiff's application for an entry of default against Defendant, states that Defendant is not an infant, in the military, or an incompetent person. (*See* Dkt. 7-1 ¶ 4.)

Accordingly, Plaintiff has complied with the procedural requirements for default judgment.

## DISCUSSION

### I.     Liability Under the Bank Secrecy Act

The Bank Secrecy Act of 1970 ("BSA"), 31 U.S.C. § 5311 *et seq.*, requires a U.S. citizen to "file reports" when the citizen "makes a transaction or maintains a relation for any person with a foreign financial agency." 31 U.S.C. § 5314(a). Under the BSA's implementing regulations, any citizen who has a financial interest in, or signature authority over, a foreign financial account "shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists and shall provide such information … in the Report of Foreign Bank and Financial Accounts," or FBAR. 31 C.F.R. § 1010.350(a). For the 2006 through 2012 calendar years, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c). The BSA provides for the imposition of a civil penalty of no more than $10,000 for each non-willful violation of its reporting requirements. 31 U.S.C. § 5321(a)(5)(B)(i).

Plaintiff alleges that, for each of the 2006-2012 calendar years, Defendant was subject to the reporting requirements of the BSA because (1) he was a U.S. citizen (Compl. ¶¶ 7, 16); (2) he had a financial interest in and signatory authority over the Rothschild Account, a foreign bank account (Compl. ¶¶ 8, 16, 17, 22, 27, 32, 37, 42, 47); and (3) he had a balance in that account exceeding $10,000

6

(Compl. ¶¶ 18, 23, 28, 33, 38, 43, 48). Plaintiff alleges that Defendant failed to timely file an FBAR reporting his financial interest in and signatory authority over the Rothschild Account for each of the 2006-2012 years at issue. (Compl. ¶¶ 19, 24, 29, 34, 39, 44, 49.) Plaintiff alleges that Defendant's violations were non-willful. (Compl. ¶¶ 21, 26, 31, 36, 41, 46, 51.)

Plaintiff's well-pleaded allegations, which the Court must accept as true, are sufficient to establish Defendant's liability for failure to comply with the reporting requirements of § 5314(a). *See United States v. Fridman*, Civil Action No. 21-12090 (MAS) (DEA), 2022 WL 1541549, at *2 (D.N.J. May 16, 2022); *United States v. Marsteller*, Civil Action No. 7:17CV00441, 2018 WL 4604033, at *2 (W.D. Va. Sept. 25, 2018).

## II. Damages for Bank Secrecy Act Violations

Although a default establishes a defendant's liability, a court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007).

### A. Civil Penalties Under 31 U.S.C. § 5321(a)(5)(B) for Non-Willful Violations of Bank Secrecy Act Reporting Requirements

Civil penalties for non-willful violations of 31 U.S.C. § 5314 reporting requirements may not exceed $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B). On May 20, 2019, a delegate of the Secretary of the Treasury assessed a $10,000 civil penalty against Defendant for each calendar year that he non-willfully failed to comply with the BSA's reporting requirements.

| Year | Assessment Amount per Account |
| --- | --- |
| 2006 | $10,000 |
| 2007 | $10,000 |
| 2008 | $10,000 |
| 2009 | $10,000 |
| 2010 | $10,000 |

| 2011 | $10,000 |
| --- | --- |
| 2012 | $10,000 |
| **Aggregate Total** | **$70,000** |

(Compl. ¶ 53.) In support of the Motion, Plaintiff submitted a declaration from Department of Justice Tax Division attorney Herbert W. Linder and copies of Form 13448, Penalty Assessment Certification (Title 31 – "FBAR"), for each of the 2006-2012 calendar years. (Ex. 6 to Motion, Dkt. 9-6.) These official records from the Department of the Treasury, Internal Revenue Service, show that on May 20, 2019, a $70,000 "FBAR penalty" was assessed against Defendant for "Non-Willful Failure to meet Recordkeeping Requirements" in connection with the Rothschild Account—$10,000 for each year at issue. (*See* Dkt. 9-6 at 1-7.) This evidence suffices to show that Defendant owes Plaintiff **$70,000** in unpaid FBAR penalties. *See Marsteller*, 2018 WL 4604033, at *2.

      **B.**      **Pre-Judgment Interest Charges Under 31 U.S.C. § 3717(a)(1); Late-Payment Penalties Under 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9**

Pursuant to 31 U.S.C. § 3717(a)(1), the Secretary of the Treasury "shall charge a minimum annual rate of interest on an outstanding debt … equal to the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year, rounded to the nearest whole percentage point." The rate of interest charged is the rate in effect on the date from which interest begins to accrue. 31 U.S.C. § 3717(c)(1). Interest accrues from the date "notice of the amount due is first mailed to the debtor at [his] most current address …." 31 U.S.C. § 3717(b)(2). The rate of interest, as initially charged, remains fixed for the duration of the indebtedness; the interest does not compound. 31 C.F.R. § 901.9(b)(3). Because a notice and demand for payment, by Letter 3708, was sent to Defendant on May 23, 2019 (Compl. ¶ 57), interest began accruing as of that date, and the rate for the period ending September 30, 2019—1%—applies (*see* Pl. Letter at 2 (citing Notice of Rate to Be Used for Federal Debt Collection, and Discount and Rebate Evaluation, 83 Fed. Reg.

54,808 (Oct. 31, 2018))).

Pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9, the Secretary of the Treasury shall assess a late-payment penalty charge of 6% per year for debt more than 90 days past due. Interest does not accrue on this charge. 31 U.S.C. § 3717(f).

In support of the Motion, Plaintiff filed a declaration from Internal Revenue Agent Chad A. Presnell explaining that if the Internal Revenue Service does not receive full payment of a debt within 30 days or so after a demand for payment is sent, "an FBAR penalty coordinator enters into the Bureau of the Fiscal Service's (BFS) Cross Servicing Next Generation (CSNG) system the information pertaining to the debt, including the amount of the debt and the delinquency date. CSNG calculates interest and penalties on the debt based on the information entered, and also shows any collection costs charged by BFS related to the debt." (Presnell Decl. ¶ 3.) After accessing these "IRS FBAR database records, which store and track[ ] debtor account information," Presnell determined that as of July 25, 2022, Defendant owes Plaintiff **$70,000.00** in FBAR penalties, **$2,222.74** in accrued interest, and **$13,336.44** in late-payment penalties. (*Id.* ¶¶ 3, 6-8.)

The evidence collectively and sufficiently shows that, as of July 25, 2022, Defendant owes Plaintiff **$85,559.18** in FBAR penalties, accrued interest, and late-payment penalties arising from his non-willful violations of the BSA's reporting requirements.[3] *See United States v. Schambach*, Civil Action No. 20-2650 (ZNQ) (DEA), 2021 WL 3486936, at *4 (D.N.J. Aug. 9, 2021) (declaration of FBAR

---

[3] In the Complaint, but not in the Motion or proposed form of default judgment, Plaintiff also requests to recover a surcharge of 10% pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.* (the "Act"). (*See* Compl. at 10.) The Act provides that "the United States is entitled to recover a surcharge of 10% of the amount of debt in connection to the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement … of the claim for such debt." 28 U.S.C. § 3011(a). However, the United States is entitled to recover the surcharge only after it has "either sought prejudgment remedies of attachment, receivership, garnishment or sequestration governed by subchapter B, or engaged in post-judgment enforcement proceedings under subchapter C of the Act." *United States v. George*, 144 F. Supp. 2d 161, 165-66 (E.D.N.Y. 2001) (collecting cases). Plaintiff has not sought prejudgment remedies authorized by subchapter B of the Act. Nor has Plaintiff yet engaged in any post-judgment enforcement proceedings under subsection C of the Act. Accordingly, any request for recovery of a surcharge is premature.

penalty coordinator provided sufficient evidentiary basis for award of damages); *Marsteller*, 2018 WL 4604033, at *2 (declaration of FBAR penalty coordinator, copies of penalty assessment certification forms, and itemized list of total amount due provided sufficient evidentiary basis).  *But see Fridman*, 2022 WL 1541549, at *3 (finding good cause to allow plaintiff to submit Internal Revenue Service database records before awarding damages; declaration alone did not suffice).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Motion for Entry of Default Judgment be GRANTED, and that judgment be entered in favor of Plaintiff the United States of America against Defendant David Sinyavskiy in the amount of **$85,559.18**.

The undersigned additionally recommends that Plaintiff be awarded pre-judgment interest pursuant to 31 U.S.C. § 3717(a)(1) accruing from July 26, 2022 until the date of entry of judgment; post-judgment interest pursuant to 28 U.S.C. § 1961(a) accruing from the date of entry of judgment until the date judgment is paid in full; and late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9 accruing from July 26, 2022 until the date judgment is paid in full.

Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant and file proof of service on the docket by **August 4, 2022**.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   July 29, 2022
         Brooklyn, New York